# AMENDED COMPLAINT
(for filers who are prisoners without lawyers)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

(Full name of plaintiff)

JASON LEE EDMONSON

v.

(Full name of defendant(s))

KINTON, RAHN, STEVENS, ADAMS, ZANON, EPLETT, AMY WOOLF, HAMILTON, MICHELLE HAESE, DANIEL RADTKE, CHRISTOPHER STEVENS, MICHAEL RIVERS, JEFFREY ANDERS, DANIEL LAVOIE, KEVIN KALLAS, MARLENA LARSON, MARY MUSE, STEPHANIE HOVE, PAUL KEMPER, SARAH COOPER.

Case Number:

2:23-cv-00306-JPS

(to be supplied by Clerk of Court)

## A. PARTIES

1. Plaintiff is a citizen of __Wisconsin__, and is located at
   (State)

   __Green Bay Corr. Inst., 2833 Riverside Drive, Green Bay, WI 54301.__
   (Address of prison or jail)

2. Defendant __Kinton__
   (Name)
   is (if a person or private corporation) a citizen of __Wisconsin__
   (State, if known)

Amended Complaint – 1

3. Defendant Rahn is a citizen of Wisconsin, and worked for Oshkosh Correctional Institution ("OSCI").

4. Defendant Stevens is a citizen of Wisconsin, and worked for OSCI.

5. Defendant Adams is a citizen of Wisconsin, and worked for OSCI.

6. Defendant Zanon is a citizen of Wisconsin, and worked for OSCI.

7. Defendant Eplett is a citizen of Wisconsin, and worked for OSCI.

8. Defendant Woolf is a citizen of Wisconsin, and worked for Green Bay Correctional Institution ("GBCI").

9. Defendant Hamilton is a citizen of Wisconsin, and worked for GBCI.

10. Defendant Haese is a citizen of Wisconsin, and worked for GBCI.

11. Defendant Radtke is a citizen of Wisconsin, and worked for GBCI.

12. Defendant Stevens is a citizen of Wisconsin and worked for GBCI.

Page 1 (Continued: 1 of 2)

13. Defendant Rivers is a citizen of Wisconsin, and worked for the State of Wisconsin Department of Corrections Department of Corrections ("DOC").

14. Defendant Anders is a citizen of Wisconsin, and worked for the DOC.

15. Defendant LaVoie is a citizen of Wisconsin, and worked for the DOC.

16. Defendant Kallas is a citizen of Wisconsin, and worked for the DOC.

17. Defendant Larson is a citizen of Wisconsin, and worked for the DOC.

18. Defendant Muse is a citizen of Wisconsin, and worked for the DOC.

19. Defendant Hove is a citizen of Wisconsin, and worked for the DOC.

20. Defendant Kemper is a citizen of Wisconsin, and worked for the DOC.

21. Defendant Cooper is a citizen of Wisconsin, and worked for the DOC.

and (if a person) resides at ___Unknown___

(Address, if known)

and (if the defendant harmed you while doing the defendant's job)

worked for ___Oshkosh Correctional Institution ("OSCI").___

(Employer's name and address, if known)

(If you need to list more defendants, use another piece of paper.)

B. STATEMENT OF CLAIM

On the space provided on the following pages, tell:
1. Who violated your rights;
2. What each defendant did;
3. When they did it;
4. Where it happened; and
5. Why they did it, if you know.

22. On or about January 12, 2021, the plaintiff met with defendant Kinton regarding a request he filed concerning his mental health; and informed her that he was suffering from extreme anxiety/panic, serious depression, changes in mood; and symptoms of Post-Traumatic Stress, and Obsessive Compulsive Disorder.

23. The plaintiff also informed defendant Kinton that his mental condition was causing significant disruption to his sleep, cognitative abilities (concentrating, memory loss, and thinking); interfering with his daily activities of functioning in congregate settings of work, indoor recreation, using the community bathroom/showers, sharing a cell, and otherwise living in general population — causing him to self-isolate in segation; and affecting his Stellar Conduct Record, and the trajectory of his incarceration toward lower Security Level status and placement.

Amended Complaint – 2

24. The plaintiff also informed defendant Kinton that he believed his mental condition was related to his contracting Covid-19, and that he was in the process of filing a civil action against other OSCI staff for his being unduly exposed to the infectious disease.

25. The plaintiff then informed defendant Kinton that he did not want to be placed on medication, and requested single-cell placement as a medical need, and any other ~~~~ available to him.

26. Defendant Kinton failed to act to provide the plaintiff with a single-cell as a medical need, and instructed him to fill-out a request form to meet with mental health staff as needed.

27. On February 24, 2021, the plaintiff met with defendant Rahn for approximately 15 minutes in response to a request he filed.

28. During which, the plaintiff provided defendant Rahn with the same above-described information he provided defendant Kinton, concerning his mental condition.

29. On or about April 25, 2021, the plaintiff met with defendant Stevens for approximately 15 minutes in response to a request he filed.

30. During which, the plaintiff provided defendant Stevens with the same above-described information he provided defendant Kinton, concerning his mental condition.

31. The plaintiff's above-described mental condition constituted a serious medical need under the Eighth Amendment, as it interfered with his daily activities.

32. Defendants Kinton, Rahn, and Stevens failed to provide the plaintiff reasonable care for his serious medical need, as required under the Eighth Amendment.

33. The plaintiff's above-described mental condition constituted mental illness of a qualified individual with a disability under the federal ADA, and Rehabilitation Act, concerning his mental impairments and major life activities.

34. Defendants Kinton, Rahn, and Stevens' above-described mistreatments of the plaintiff constitute disability statute claims under the Eighth Amendment, the federal ADA, and the Rehabilitation Act, as they discriminated against him based on his disability, and excluded him from services, programs, and activities.

35. As a result, the plaintiff incurred a number of disciplinary dispositions and segregation stays, to the degree that he lost his medium security level status, and was transferred to the maximum security prison of GBCI on or about September 15, 2021.

36. Upon his arrival at GBCI, the plaintiff began meeting with defendant Woolf in response to requests he filed, concerning his mental condition.

37. During which, the plaintiff provided defendant Woolf with the same above-described information he provided defendant Kinton, concerning his mental condition; informed her that his condition, and the lack of care he received at OSCI were the cause of his being transferred to GBCI; that he believed he was suffering from psychological side-effects of Covid-19; and requested single-cell placement as a medical need.

38. During which, defendant Woolf did not provide the plaintiff single-cell placement; elevated his Mental Health Level from 0 to 1; and repeatedly told him she was concerned about his anxiety, and would be scheduling him to be seen for therapy every 2-3 weeks as soon as institutional movement returned to normal.

39. During a meeting on February 16, 2023, the plaintiff informed defendant Woolf that he was in the process of filing this civil action.

40. Later that same day, GBCI's psychological staff lowered the plaintiff's Mental Health Level from 1 to 0.

41. GBCI's psychological staff has not met with the plaintiff since.

42. Since that time, the plaintiff from his serious mental illness without care, resulting in disciplinary dispositions, and his current segregation stay; and discovered the above-described disability statute claims.

43. Since the beginning of his current segregation stay on May 1, 2023, the plaintiff has made approximately 25 written, and in-person requests to meet with GBCI's psychological staff to address these issues - to which defendant Woolf informed him that GBCI does not have space to meet with him in-person in segregation.

44. As a result, the plaintiff has incurred a number of disciplinary dispositions, and segregation stays, preventing his Security Level status from being lowered from Maximum to Medium, and placement in Medium Security Level prison.

45. On information and belief, defendant Woolf was acting under the direction of defendant Hamilton.

46. GBCI's psychological staff failed to provide the plaintiff with reasonable care for his mental illness serious medical needs, as required by the Eighth Amendment.

47. The plaintiff's above-described claims against GBCI's psychological staff constitute disability statute claims under the Eighth Amendment, the federal ADA, and the Rehabilitation Act, as they discriminated against him based on his disability, and excluded him from services, programs, and activities.

48. On information and belief, defendants Kinton, Rahn, Stevens, and Woolf failed to properly evaluate the plaintiff; failed to keep his medical records adequate and accurate; and failed to follow-up with him.

49. On information and belief, defendants Kinton, Rahn, Stevens, and Woolf provided the plaintiff discriminatory care because he had no mental health history; his needs were related to Covid-19; his needs called for single-cell placement; and/or he exercised his right to refuse medication; and/or to keep his mental health records empty - needed for this civil action, and others.

50. Defendants Kinton, Rahn, Stevens, and other staff at OSCI, GBCI, and other DOC institutions conspired to deprive the plaintiff and other inmates in their care, contrary to the Eighth Amendment, the federal ADA, and the Rehabilitation Act.

51. Defendant Adams is responsible for the psychological care of inmates at OSCI; failed to act to prevent the above-described unreasonable mental health care; is supervisor to defendants Kinton, Rahn, and Stevens; and conspired with the above-described conspiracy(s), and/or had knowledge the conspiracy(s) was about to be committed and did nothing about it.

52. Defendant Zanon is responsible for the treatment of inmates at OSCI; failed to act to prevent the above-described unconstitutional conduct; is supervisor to all OSCI staff except defendant Eplett; and conspired with the above-described conspiracy(s), and/or had knowledge the conspiracy(s) was about to be committed and did nothing about it.

54. Defendant Eplett is responsible for the treatment of inmates at OSCI; failed to act to prevent the above-described unconstitutional conduct; is supervisor to all OSCI staff; and conspired with the above-described conspiracy(s) and/or had knowledge the conspiracy(s) was about to be committed and did nothing about it.

55. Defendant Hamilton is responsible for the psychological care of inmates at GBCI; failed to act to prevent the above-described unreasonable mental health care; is supervisor to defendant Woolf; and conspired with said conspiracy(s) and/or, or had knowledge the conspiracy(s) was about to be committed and did nothing about it.

56. Defendant Haese is responsible for the treatment of inmates at GBCI; failed to act to prevent the above-described unconstitutional conduct; is supervisor to all GBCI staff, except defendants Radtke and Stevens; and conspired with the above-described conspiracy(s), and/or had knowledge the conspiracy(s) was about to be committed and did nothing about it.

57. Defendant Radtke is responsible for the treatment of inmates at GBCI; failed to act to prevent the above-described unconstitutional conduct; is supervisor to all GBCI staff, except defendant Stevens; and conspired with the above-described conspiracy(s), and/or had knowledge the conspiracy(s) was about to be committed and did nothing about it.

58. Defendant Stevens is responsible for the treatment of inmates at GBCI; failed to act to prevent the above-described unconstitutional conduct; is supervisor to all GBCI staff, except defendant Radtke; and conspired with the above-described conspiracy,(s) and/or had knowledge the conspiracy was about to be committed and did nothing about it.

59. Defendants Anders, LaVoie, Kallas, Larson, and Muse are each responsible for the medical care of inmates within the DOC's institutions; each failed to act to prevent the above-described unconstitutional conduct; and each conspired with the above-described conspiracy,(s) and/or had knowledge the conspiracy(s) was about to be committed and did nothing about it.

60. Defendant Rivers is responsible for the medical care of inmates within the DOC's institutions; failed to act to prevent the above-described unconstitutional conduct; is supervisor to defendants Anders, LaVoie, Kallas, Larson, and Muse; and conspired with the above-described conspiracy,(s) and/or had knowledge the conspiracy(s) was about to be committed and did nothing about it.

61. Defendants Hove, and Kemper are each responsible for the treatment of inmates within the DOC's institutions; each failed to act to prevent the above-described unconstitutional conduct; and each conspired with the above-described conspiracy(s), and/or had knowledge the conspiracy(s) was about to be committed and did nothing about it.

62. Defendant Cooper is responsible for the treatment of inmates within the DOC's institutions; failed to act to prevent the above-described unconstitutional conduct; is supervisor to defendants Hove, and Kemper; and conspired with the above-described conspiracy(s), and/or had knowledge the conspiracy(s) was about to be committed and did nothing about it.

63. Defendants Adams, Zanon, Eplett, Hamilton, Haese, Radtke, Stevens, Rivers, and Cooper each caused or participated in the unconstitutional conduct of thier subordinates by persistently violating a statutory duty to inquire about such behavior and be responsible for preventing it, failing to train or supervise, or an official aquiescence in the continued existance of these prison conditions, which themselves, are so injurious to prisoners that they amount to a constitutional violation.

64. OSCI, GBCI, and the DOC's institutional policies, practices, and inadequate facilities; or thier systematic or gross deficiencies in staffing, facilities, equipment, or procedures, constitute deliberate indifference to the plaintiff and other inmates' serious health and safty needs in violalation of the Eighth Amendment of the United States Constitution.

Page 3 (Continued):

65. Defendants Kinton, Kahn, Stevens, and Woolf were each aware of the substantial risk of serious harm in providing the plaintiff unreasonable mental health care and failed to reasonably act amounting to cruel and unusual punishment, constituted deliberate indifference to the plaintiff's serious health and safety needs in violation of the Eighth Amendment of the United States Constitution.

66. The failure of defendants Adams, Zanon, and Eplett to curb the known pattern of GBCI's psychological staff providing inmates unreasonable mental health care constituted deliberate indifference to the plaintiff and other inmates' serious health and safety needs in violation of the Eighth Amendment of the United States Constitution.

67. The failure of defendants Hamilton, Haese, Radtke, and Stevens to curb the known pattern of GBCI's psychological staff providing inmates unreasonable mental health care constituted deliberate indifference to the plaintiff and other inmates' serious health and safety needs in violation of the Eighth Amendment of the United States Constitution.

68. The failure of defendants Kivers, Anders, LaVnio, Kallas, Larson, Muse, Hove, Kemper, and Cooper to curb the known pattern of inmates being provided unreasonable mental health care in the DOC's institutions constituted deliberate indifference to the plaintiff and other inmates' serious health and safety needs in violation of the Eighth Amendment of the United States Constitution.

69. OSCI, GBCI, and the DOC's institutional policies, practices, and facilities which disclose repeated examples of the defendants' conduct, and/or these institutions' systematic or gross deficiencies in staffing, facilities, equipment, or procedures which make unnecessary suffering inevitable at these institutions, constitute deliberate indifference to the plaintiff and other inmates' serious health and safety need in violation of the Eighth Amendment of the United States Constitution.

## Exhaustion of Remedies

70. The plaintiff has exhausted all administrative remedies with respect to all claims and all defendants.

C.  JURISDICTION

☑ I am suing for a violation of federal law under 28 U.S.C. § 1331.

OR

☐ I am suing under state law. The state citizenship of the plaintiff is different from the state citizenship of every defendant, and the amount of money at stake in this case (not counting interest and costs) is $_____.

D.  RELIEF WANTED

Describe what you want the Court to do if you win your lawsuit. Examples may include an award of money or an order telling defendants to do something or to stop doing something.

As relief, I want #50,000.00, and each of the following, without prejudice:

1. A declaratory statement, stating the defendants, or thier agents shall not retaliate against the plaintiff for bringing this action.

2. A declaratory statement, stating OSCI, GBCI, the DOC, and the defendants of this complaint provided the plaintiff, and other inmates in thier care, unreasonable mental health care in violation of the Eighth Amendment; and discriminatory mental health care under the Eighth Amendment, the federal ADA, and Section 504 of the Rehabilitation Act for the purposes of this complaint.

3. An immediate injunction ordering the defendants, or thier agents to a) update the plaintiffs' mental health records to reflect his serious

Amended Complaint – 4

mental health needs; provide the plaintiff a medical need single-cell, and therapy every 2-3 weeks, no matter his institutional placement; and otherwise provide the plaintiff reasonable mental health care as required by the Eighth Amendment; and all benefits, programs, and activities of a qualified disabled person in the DOC's care, as required by the federal ADA, and Section 504 of the Rehabilitation Act.

4. An immediate injunction ordering the defendants, or thier agents to expunge all information on all of the plaintiff's disciplinary dispositions and segregation stays since January 12, 2021 from all OSCI, GBCI, and DOC institutional records; adjust all of his classification, and risk levels to where they would had these claims not occurred; and transfer him back to OSCI.

5. An immediate injunction ordering the defendants, or thier agents to within 90 days, provide the Court with a plan to: 1) inform all persons in thier care since January 12, 2021 that they may have been provided mental health care in violation of the Eighth Amendment, the federal ADA, and the Rehabilitation Act; and 2) how to make them whole.

6. Grant other relief as it may appear the plaintiff is entitled.

Page 4 (Continued: 1 of 1)

E. JURY DEMAND

I want a jury to hear my case.

☐ – YES   ☑ – NO

I declare under penalty of perjury that the foregoing is true and correct.

Complaint signed this __2nd__ day of __November__ 20__23__.

Respectfully Submitted,

_____
Signature of Plaintiff

#530994
Plaintiff's Prisoner ID Number

GBCI, P.O. Box 19033
Green Bay, WI 54307
(Mailing Address of Plaintiff)

Amended Complaint – 5

Case 2:23-cv-00306-JPS   Filed 11/03/23   Page 17 of 17   Document 7